LATHAM v. GREGORY ET AL.

HALEY v. LATHAM.

1. APPELLATE PRACTICE.

Error cannot be predicated upon the remarks of counsel at the trial when it does not appear that they were objected to at the time or that the court's attention was called to them in any manner.

2. INTERVENTION.

An intervention filed after the defendant's default had been set aside and before the trial of the issues in the main case is in apt time.

3. GARNISHMENT—ACTION—PARTIES.

The defendant deposited in a bank money of the intervenor, whose agent he was, in his (defendant's) own name. The bank, having been garnished as a debtor of the defendant, paid over, under the writ, the money so in its hands. *Held,* that the creditor acquired no right to the money as against the actual owner, but that the owner's remedy was against him and not against the bank.

4. SAME.

An attachment creditor who fails to obtain judgment against the defendant cannot recover against a garnishee.

*Appeal from the District Court of Arapahoe County.*

Mr. ROBERT E. FOOT, for Arthur Latham.

Mr. JOSEPH W. TAYLOR, Mr. A. P. RITTENHOUSE, of counsel, for A. J. Gregory et al., and Ora Haley, Intervenor.

BISSELL, J., delivered the opinion of the court.

This record discloses a series of most unusual circumstances. The appellant, Latham, obtained a judgment and collected $661 thereon from a stranger who was neither privy nor party to the contract, and on the final hearing of the main case was adjudged to have been paid the amounts which were the subject-matter of the action and the defendants had a judgment over and against him for $475. Unless compelled by inexorable principles, no such inequitable results should be permitted to stand.

Latham brought suit in July, 1892, against A. J. and N. J. Gregory on two notes, dated the 24th of September, 1890, for $300 and $322, respectively, due in thirty and sixty days, with interest. Summons was issued and a personal service attempted. It was not accomplished, and on filing the statutory affidavit the plaintiff made publication of his summons, and on its completion judgment was entered on the 30th day of December, 1892, against A. J. Gregory and the Commercial National Bank as the garnishee and debtor of the Gregorys. The attachment, which was issued in aid of the action, had been served on the bank, and the bank had answered an indebtedness to Gregory in the sum of $661. When the judgment was entered in December, the bank, on production of a certified copy of it, paid the amount of the judgment which had been entered against it as garnishee by a check payable to the order of the clerk of the district court. The clerk indorsed the check to the plaintiff's attorney, who collected the money, retained a part of it for his fees, and paid the balance over to the plaintiff. Shortly thereafter, Ora Haley, who appears in the record as an intervenor, on inquiry at the bank as to the status of the account, discovered the recited situation, and proceedings were at once instituted by the Gregorys to set aside the judgment which had been obtained. On a showing as to the nonservice of process and other facts which gave the court jurisdiction and entitled it to act, the court on the 15th of February, 1893, set aside the judgment and permitted the Gregorys to defend. The defense, in general, was a payment provable and established according to the verdict of the jury by evidence which showed an agreement between the Gregorys and Latham at about the time of the execution of the paper, or after its maturity, by which the Gregorys turned over to Latham a large amount of real and personal property which he was authorized to sell and apply the proceeds to the liquidation of the debt. Proof was offered of the value of the property and its sale, whereby their plea of payment was attempted to be established. Prior to the actual trial, the question of the rights of the

intervenor were submitted to the court. Under this petition
of intervention, which sought to set aside the garnishment
and discharge the levy and release the property from the
writ, the intervenor introduced proof which tended to show
that Gregory was Haley's foreman, running his sheep busi-
ness west of the Divide, and as such foreman clothed with
authority to care for the business, pay all bills incurred, and
in general liquidate whatever expenses might attend its man-
agement. The proof also was to the point that to provide
the foreman with means for this purpose Haley furnished
money in checks of various amounts to Gregory, who indorsed
them in his own name and deposited them to his own credit
in the bank and afterwards checked on them in liquidation
of the expense account. The only evidence offered on this
subject was the evidence of Gregory and Haley, and there
being no countervailing proof it may be taken as established
that the money in the bank was Haley's and was not Greg-
ory's. The plaintiff did not undertake to controvert the evi-
dence, but evidently relied on his motion to dismiss the
intervention because the account stood in Gregory's name
and not in Haley's, and therefore the attaching creditor could
hold it as against Haley's claim. The petition of interven-
tion aptly stated the rights of the parties, and while it did
not set up all the antecedent proceedings nor pray a judg-
ment against Latham, which could very properly have been
done as for money had and received, it was probably suffi-
cient to raise the issue and permit the introduction of proof.
The court did not proceed to dispose of this motion until
after the trial of the main case. The issues which have been
suggested rather than exactly stated were submitted to the
jury under instructions to which no objections were made,
and the jury found that the notes had been paid by the prop-
erty received, and that the value of the property which Latham
had appropriated to his own use exceeded the debt by $475,
and they found against him in that sum. The court to whom
was submitted the rights of the intervenor thereupon found
the issues against the intervenor, and judgment was entered

against him for costs. As would not be very extraordinary under these circumstances, both the plaintiff Latham and the intervenor Haley appealed.

The actual result is that when Latham brought suit he had no right of action against Gregory, for his debt had been paid. When he levied his writ of attachment there was no cause of action on which it could be maintained. His writ was levied on money or property which did not belong to the defendant in the suit, but to another, which money he appropriated to his own use without claim or title against either the owner or the alleged debtor. His debt was paid. He owed the defendants $475, and he got more than enough of Haley's money to pay that debt. He thus reaped where he did not sow, and converted that to which another had title without a shadow of right or excuse. The appellant, Latham, attacks the judgment on the ground that it is not supported by the evidence, and for the further reason that the intervenor's attorney in arguing the case to the jury contended that Latham had already received $600 more than the amount of his claim from the defendants. Neither of these matters warrant the reversal of the judgment which was entered against the appellant. In the first place, so far as the issues of fact are concerned, the verdict of the jury was against him, and we are bound by that verdict so long as the record discloses nothing which indicates error occurring at the trial, or bias and prejudice on the part of the jury amounting to a reversible error. We discover neither. The case was fairly tried, the record is free from errors, the verdict can be sustained by evidence in the record, and we are without either the right or inclination to disturb it. The objection to the remarks of counsel are equally groundless for the purpose of an assignment of error. We do not discover in the abstract or in the record that the remark was objected to at the time, the attention of the court called to it, or any instruction asked about it. So far as we are able to see, it was entirely within the range of the rights of counsel to discuss the matter on that basis, and in making the statement counsel were

more accurate as to the amounts paid than is usual in such cases, for the verdict found that he had received at least $475 more than his debt. When counsel come that near the exact facts, they certainly do not trespass on their legitimate prerogatives.

The judgment against the intervenor was undoubtedly wrong. The judgment in favor of the plaintiff against the garnishee should have been set aside if it was not done, as to which we are totally unadvised by the record. The garnishee should have been discharged and the intervenor given such relief as he was entitled to under his petition. We are clearly of the opinion the intervention was filed in time. Under the statute there is a distinct statutory provision providing for attachment cases. Code, section 106, permits any person, other than the defendant who claims the property attached, to intervene and have his claim and title tried. It has already been adjudged this must be done before trial of the main case and the determination of the principal issue between the parties. The only possible ground of contention as to the failure of the intervenor to act in time proceeds from the fact that the judgment was originally entered by default. It is therefore insisted the intervenor was not in time and was without the right to be heard. We do not so interpret the statute nor the decisions with reference to the time of trial. If the main judgment had been permitted to stand and had never been set aside, and there never had been any subsequent trial of the issue between the alleged creditor and his debtor, clearly the intervenor would have been without the right to intervene in the suit. His only remedy then would have been to bring an action against Latham for money had and received. Under the circumstances of this case, this right of action inured to him as the result of the subsequent proceedings, and probably as the result of the collection of the money from the bank under the garnishment, even though the judgment against the principal debtor had stood. It is sufficiently clear from the statement of the facts in this case that the money seized by the writ was not Gregory's money, and

although the bank had the right to pay it, and Haley probably was without any cause of action against the bank for the payment, yet when it passed into Latham's hands, and he converted it to his own use, a cause of action thereby arose in favor of Haley against Latham. It is tolerably well settled that the attaching creditor acquires no rights as against the actual owner of the money or the property by the levy of his writ thereon and its subsequent sequestration. The remedy for the loss in those cases on the part of the owner is against the trustee, and not against the bank, who is the *cestui que trust.* Drake on Attachment (6th ed.), sec. 491; *Bank of Northern Liberties v. Jones*, 42 Pa. St. 536; *Jones et al. v. The Bank*, 44 Pa. St. 253; *Farmers & Mechanics' Nat. Bank v. King*, 57 Pa. St. 202; *Randall v. Way et al.*, 111 Mass. 506; *Meadowcroft v. Agnew*, 89 Ill. 469; *Whalen v. McMahon*, 16 Colo. 373; *The Colo. Soap Co. v. Burns*, 2 Colo. App. 89; *Rockwell v. Coffey et al.*, 20 Colo. 397.

We apprehend, however, that under the situation of this case the intervenor was not bound to resort to an independent action against Latham to recover this money. He filed a petition which sufficiently stated the ownership and title to the money and the condition of affairs as between the attaching creditor and the intervenor. His petition was filed in apt time, and while we think possibly the petition would have better presented the case if it had set up all the facts, there was enough in it to entitle the intervenor to relief and to justify the reversal of the judgment as against him. Probably when the case returns, if the petition is amended and the parties state all the facts and pray additional and further relief, on proof of what appears in the record he will undoubtedly be entitled to a judgment against Latham for the amount of money which he collected of the bank, to which he had no title either as owner or attaching creditor.

The only other matter to which reference is made in the briefs of counsel to which we need advert is scarcely of sufficient consequence to warrant discussion, and that is that the bill of exceptions filed by the intervenor fails to state

that it contains all the evidence introduced on the trial of the issue between the attaching creditor and the intervenor. It is insisted that the court must indulge in the presumption that evidence was introduced which warranted the judgment against the claimant. We cannot, for several reasons, accede to this contention. The record itself shows that the intervenor rested upon production of his evidence. The record then discloses that the attaching creditor filed a motion to dismiss the intervention because of the situation and the various facts which have been stated. We cannot therefrom conclude that any other evidence was introduced, but we think it sufficiently appears from the record that the bill of exceptions contains all the evidence produced in support of or in opposition to the issue tendered by the petition and the answer thereto. An unanswerable objection to the judgment is found in the fact that Latham was unable to support his alleged cause of action, and had an adverse judgment entered against him. Under these circumstances he had no claim to the money, whether it was money belonging to Gregory, or whether it was money belonging to Haley. He is absolutely without title, and should be compelled to pay it over to whomsoever may be entitled to it. Haley established his title by uncontradicted testimony, and Gregory would be bound by the judgment as a party to the action and as a witness who had solemnly testified that the money was Haley's and not his. Latham could therefore never be made the subject of an action by Gregory, and, when once he satisfied Haley's claim by paying him the money, he is acquit of all responsibility in the premises. The judgment should be entered against him therefor, and he should be compelled to return that which he received without right, to which he was not able to establish title, either by attachment or otherwise.

The judgment as entered against Latham will accordingly be affirmed. The judgment which is entered against Haley, the intervenor, will be reversed and sent back to the district court for further proceedings in conformity with this opinion.