## HOME LAND & LOAN COMPANY *v.* ROUTH.

### Opinion delivered April 17, 1916.

1.  TRUSTS—CONSTRUCTIVE TRUST—PROOF—PAROL.—A constructive or resulting trust may be established by parol, as it arises by operation of law, and not from the contract of the parties.
2.  GARNISHMENT—MONEY DEPOSITED BY AGENT.—Money deposited in a bank by a party as agent of the principal defendant, can not be reached by garnishment proceedings by a creditor of such agent.
3.  GARNISHMENT—TRUST FUNDS.—A creditor can not have the debt satisfied out of property held in trust by the debtor, for another, no matter how completely the debtor may have exercised apparent ownership over it, unless it was upon the faith of such ownership that the credit was given.
4.  GARNISHMENT—INTERVENTION — SUFFICIENCY. — The intervener in garnishment proceedings, need state only that the property belonged to him.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*W. N. Ivie,* for appellant.

1.    The intervener did not comply with the statute. Kirby's Digest, § 391; 58 Ark. 446.

2.    The money in the hands of the bank was J. T. Powell's, and subject to garnishment. The relation between Routh and Powell was that of debtor and creditor, and the court erred in finding for the intervener. 70 Ark. 444; 15 Enc. Pl. & Pr. 733; 101 Ark. 455; 103 *Id.* 279; 104 *Id.* 37; 39 Cyc. 49; 57 Ark. 635; 89 Ark. 185; 63 Ark. 246.

*John R. Duty,* for appellee.

1.   The question of a trust is not involved.

2.   The court's finding is conclusive.  80 Ark. 249; 104 *Id.* 154; 96 *Id.* 606.  Money held in a fiduciary capacity can not be garnished.  20 Cyc. 1021-2; 43 Am. St. 849.

3.   The case was properly tried; no error was committed.  95 Ark. 118; 95 *Id.* 405; 82 *Id.* 407; 83 *Id.* 1.

McCULLOCH, C. J.   Each of the two appellants, Home Land & Loan Company, and Benton County Hardware Company, recovered a judgment at law against J. T. Powell for money due on contract, and each caused to be issued and served a writ of garnishment on the Farmers State Bank of Rogers, each of the writs being issued upon allegations to the effect that the garnishee had money of J. T. Powell on deposit and was indebted to him.  The garnishee filed an answer stating that it had on deposit to the credit of J. T. Powell the sum of $1,466.93 and was therefore indebted to him in that sum.  Appellee, E. A. Routh, intervened in each of the garnishment proceedings and filed a plea stating that the sum of money in the hands of the garnishee to the credit of J. T. Powell was not the property of Powell, but was the property of the intervener, and not subject to garnishment or other process for the debts due from the defendant Powell.  The two cases were consolidated and tried together before the court sitting as a jury, and the court found in favor of the appellee, as intervener in the action, and discharged the garnishee.

The evidence adduced at the trial tends to establish the fact that the funds deposited in the bank to the credit of the defendant Powell were derived from the sale of a tract of land in Benton County by Powell to one Thompson, and that said land, when originally purchased by Powell, was paid for by appellee Routh, upon an express agreement that Powell was acting as agent of appellee in the purchase and was to take the title in his own name for convenience, and that when the land should be sold the funds should be accounted for as the property of ap-

pellee Routh. In other words, the testimony is that the appellee furnished the money with which to buy the land; that Powell acted as his agent, taking the title in his own name, and that he deposited same upon appellee's direction and held the money as agent for the latter. During the time that the land was held in the name of Powell he occupied the same, but the testimony shows that it was under an agreement with appellee to pay rent. The land was sold to Thompson for a consideration of $1,500, of which he paid $185 in cash and gave his note for $200 and transferred a note of a Mrs. Vandover for $1,115 and accrued interest, which was secured by a mortgage on another tract of land which Thompson had sold to Mrs. Vandover. Powell sold and transferred Thompson's note for $200, and testified that this was done under the direction of appellee. Mrs. Vandover paid the amount of her note into the bank to be placed to the credit of Powell when he should satisfy the mortgage. All of the money was placed in the bank as a general deposit to Powell's credit, and in the aggregate amounted to the sum set forth in the garnishee's answer. The writs of garnishment were sued out and served two or three days after the money was placed to the credit of Powell. As soon as the money was placed there, or at least the amount paid over by Mrs. Vandover, Powell gave appellee a check for $1,175, and appellee sent it to his bank in another town for collection and credit, but the garnishment was served before the money could be collected. Appellee and Powell each testified that the remainder of the money in the bank was left there to Powell's credit, at appellee's request, for use by appellee subsequently for another purpose.

This, in substance, is the state of facts to which the proof of appellee was directed, and it is sufficient to warrant a finding that those were the facts in the case, and that Powell held the funds as agent of appellee Routh. The question in the case is, therefore, whether under those facts as found by the court the funds were subject to garnishment for the debt of Powell.

(1)    It is contended in the first place that the court
erred in allowing oral testimony tending to establish the
fact that Powell held the title as trustee for appellee
Routh. Counsel for appellants base their contention
upon the well-established rule that an express trust can
not be established by parol testimony. They fail, how-
ever, to take into consideration the nature of a resulting
trust, and the fact that such trust can be established by
parol, as it results by operation of law and not from the
contract of the parties. Appellee furnished the money
for the purchase of the land and a trust resulted in his
favor. It was not, according to the evidence, a loan of
money to Powell, but a payment of the price of the land,
the title to which was conveyed to Powell. But even if
there were any doubt on that score, the fact remains that
according to the proof Powell held this particular fund,
which he derived from the sale of the land, as the agent
of appellee. It was not a debt of Powell to appellee, nor
was the attempt to pay it over to appellee a donation, but
the money was held by Powell as agent in discharge of
his obligation to account to appellee. Under those cir-
cumstances, the money was really the property of
appellee, though it was on deposit in the name of Pow-
ell, his agent.

(2)    There is abundant authority to sustain the con-
tention of counsel for appellee that "money deposited in
a bank by a party as agent of the principal defendant
can not be reached by garnishment proceedings by a cred-
itor of such agent." 20 Cyc. 1022.

The case of *Morrill* v. *Raymond,* 28 Kan. 415, is di-
rectly in point. There certain funds were paid over by
Speer & Co. to their agent, Orth, to be used in purchas-
ing corn, and the latter deposited the money in bank in
his own name to be checked out as he made purchases of
corn for his principal. There was an attempt to reach
the funds by garnishment issued at the instance of Orth's
creditors, and the court held that the money was not sub-
ject to garnishment for the debt of Orth, notwithstanding

the fact that the funds stood as a general deposit in his name.

The Supreme Court of Kansas, in disposing of the case, said: "The money on deposit was Speer & Co.'s, not Orth's. * * * A creditor of Orth, therefore, was not entitled either by attachment or garnishment to have the deposit in the bank held by Orth as a fund for the use and as the property of Speer & Co. applied to the payment of Orth's debts. Orth had no right to apply this fund in whole or in part, to pay or reduce the judgment of Raymond against him, and the judgment creditor stood in no better position than the depositor. * * * If the claim of Raymond had accrued originally upon the faith and credit that the money on deposit was Orth's individual property, another and a different question would be presented for adjudication; but this we find to be distinctly and fully negatived by the fact that Raymond's judgment was obtained long prior to the deposit."

So it can be said in this case that the evidence does not show that the credit was extended by appellants on the faith of the money deposited being the property of Powell, and the evidence warrants the conclusion reached by the trial court that the transaction was conducted in good faith.

(3)   The question was decided in the same way by the Supreme Court of Washington in the case of *Marx v. Parker,* 9 Wash. 473, 43 Am. St. Rep. 849, where it was said: "It is a general rule in garnishment that the plaintiff can obtain no greater beneficial relief against the garnishee than the judgment debtor would be entitled to, and that if the debtor's recovery would be limited to a mere legal title, without beneficial interest or right of enjoyment in himself, the proceeding must fail. A judgment creditor can not have the debt satisfied out of property held in trust for another, no matter how completely his debtor may have exercised apparent ownership over it, unless it was upon the faith of such ownership that the credit was given. * * * Therefore, if the deposit in the bank was, in equity, the property of the city, although it

stood in Parker's name, respondents had no right to a judgment against the garnishee.''

See, also, to the same effect, *Jones* v. *Bank*, 44 Pa. St. 253; *Ingersoll* v. *First National Bank*, 10 Minn. 396; *Des Moines Cotton Mill Company* v. *Cooper*, 93 Ia. 654. It follows, therefore, that the trial court was correct in holding that the funds were not subject to garnishment for the debt of Powell.

(4)    Another contention is that the court erred in overruling the motion of appellants to require the intervener to make his plea more definite and certain. The plea did in fact state that the funds held by the garnishee were not the property of Powell, but that the same were the property of the intervener, and that was, we think, a sufficiently definite allegation concerning the ownership of the property. It was unnecessary to set out in the plea the evidence upon which the intervener's claim of ownership was based. All that was necessary was that the fact be stated that the funds were the property of the intervener. That was a statement of fact and not a statement of a legal conclusion.

Affirmed.