## No. 11,880.

### COMMERCIAL INVESTMENT COMPANY *v.* NEWHAGEN.

Decided April 16, 1928.

Action in replevin.   Judgment for defendant.

## *Reversed.*

1. APPEAL AND ERROR—*Fact Findings.* On review the appellate court will assume the correctness of findings of the trial court, where the evidence is conflicting.

2. FINDINGS—*General and Special.* Where general and special findings of the trial court are not in accord, the latter govern on review.

3. ESTOPPEL—*Pleading and Proof.* The essential elements of estoppel must be pleaded and proved if relied upon as a defense.

4.     *Knowledge.* Under the doctrine of estoppel, a person can not be held to have approved something of which he had no knowledge.

5. CHATTEL MORTGAGE—*Action by Mortgagee—Defense.* Where a person bought an automobile against which there was a valid, recorded mortgage, he could not urge as a defense to a replevin action brought by the mortgagee, that the latter might have secured payment of the mortgage debt from another, but did not do so.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. HOMER S. McMILLIN, Mr. JAMES E. GARRIGUES, for plaintiff in error.

Mr. JOHN T. BOTTOM, Mr. PAUL F. IREY, for defendant in error.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

Plaintiff in error was plaintiff below. It is hereinafter referred to as "the company" and defendant in error as "Newhagen."

The company brought replevin to recover an automobile which it claimed under a chattel mortgage. The defense was estoppel by laches. Trial was to the court and defendant had judgment for costs. To review that judgment the company brings error.

One Wargin bought the car in question and paid for it. To do this he borrowed a sum of money from the company and gave it a note payable in installments secured by the mortgage under which the company here claims. Wargin sold the car to Wilson, a dealer, who assumed the mortgage, and on the same day resold the car to Newhagen. The company knew nothing of either sale. On default of one of the installments the company elected, as it was entitled under its contract, to declare the balance due. It then learned of the sale to Wilson and demanded the car of him. He said it was in the paint shop and tendered his check for the balance due on condition that the same be held for a certain time before presentation for payment. The company says that time was ten days; Newhagen says it was one to three. Each is supported by evidence. Wilson had money in the bank for several days to cover the check. It was presented on the tenth day and dishonored for want of funds. Again the company demanded the car of Wilson and learned for the first time that it had been sold to Newhagen more than two months before. It then made demand of Newhagen and on refusal brought this action. Although the mortgage was of record Newhagen had no actual knowledge of it, and no knowledge of Wilson's delivery of his check and its dishonor until long thereafter. He set up these facts in his answer and alleges that by reason thereof "plaintiff is estopped from having possession of said car, or of receiving a judgment against the defendant." The trial court found "the issues of law, fact and equity in the case in favor of the

defendant and against the plaintiff," but thereafter specifically found all the facts for plaintiff save as to the Wilson check. On that subject he found "that the plaintiff is guilty of laches as against this defendant in not having duly presented said check during that time (seven days during which funds were on deposit to pay it) or on some one of those days. For the foregoing reasons the court enters judgment herein in favor of defendant for costs."

We must, of course, assume the correctness of the court's findings where the evidence is conflicting, but where general and specific findings are not in accord the latter govern.

The essential elements of estoppel must be pleaded and proved. *Griffith v. Wright,* 6 Colo. 248.

One of these elements is conduct which has misled defendant to his injury. There is neither pleading nor proof of such conduct in the instant case. There is no evidence that defendant knew of the Wilson check, or that he did anything by reason of it, or of the company's failure to present it for payment, or that he has lost any right or advantage by reason of any of these things. He says that as Wilson was a dealer the company, when it accepted his check and left the car in his possession, waived all rights under its mortgage, and cites many similar cases. The position is untenable and the authorities not in point. First, because the company can not be held to approve what it did not know, i. e., that the car had already been sold; second because Newhagen's liability accrued when he bought the car two months before, and the company's waiver, if such there were, could not be carried back to cover a transaction of which it was ignorant. Newhagen's case amounts only to this, that he unwittingly bought an automobile against which there stood of record a valid mortgage; that the holder of the mortgage might have secured payment from another but did not. The defense is unavailing. No law to

support it has been called to our attention and we know of none.

The judgment is reversed and the cause remanded with instructions to enter judgment for plaintiff in error.

MR. JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.