UNITED STATES v. SANDERS et al.
(YOUNG MEN'S REPUBLICAN CLUB,
Intervener).

No. 675.

District Court. M. D. Pennsylvania, at Lebanon.
May 22, 1930.

C. James Todaro, of Philadelphia, Pa.,
for the United States.

John C. Youngman, of Williamsport, Pa.,
for defendants.

WATSON, District Judge.

The defendants attempt to secure by appeal the review by the District Court for the Middle District of Pennsylvania of proceedings before the United States commissioner of the same district in issuing a search warrant and later hearing the question of its legality.

An appeal consists in securing the review when proper of a case in the appellate court upon the taking by the appellant of the steps necessary to secure such appellate review. It is in the nature of a new trial upon the record in the appellate court, which will review both questions of law and fact in the lower court.

It was held in United States v. Maresca (D. C.) 266 F. 713: "That a Commissioner sitting as magistrate to issue a search warrant, and later to hear the question of its legality, was sitting in the District Court, and that for that reason this Court could not undertake a review of his action, but that the party aggrieved must proceed by writ of error."

In United States v. Casino (D. C.) 286 F. 976, the motion was in the criminal proceedings themselves asking for the return of liquors upon allegations of legal conclusions alone. Judge Hand, in the opinion (page 981) said:

"I feel, therefore, bound to hold that the action of the commissioner was not the action of the District Court, and that a motion may be made in that court to correct it, upon which, if the court comes to a different conclusion, it should itself quash the warrant, and in a proper case direct a return of the property under section 25 of the National Prohibition Act. It is clear that certiorari, assuming that this court has power in a proper case to issue that writ (Angelus v. Sullivan, 246 F. 54, 63, 66, 67, 158 C. C. A. 280; U. S. ex rel. Roman v. Rauch [D. C.] 253 F. 814), is not necessary, and indeed, if the action of the commissioner be not judicial, the common-law writ, which is all that could go in any event, would be improper.

"What, then, should be the proper practice? As the district attorney represented the United States or the prohibition agents before the commissioner, and as this is not a writ issued to another tribunal, but only a motion to review the action of a subordinate officer of the District Court, there is no occasion to do more than move for a correction of his order on notice to the district attorney. The court might, as suggested above, sua sponte take notice of the record made before the commissioner, or require the respondent on the motion to produce it."

In United States v. Mathes et al. (D. C. S. D. Fla.) 1 F.(2d) 935, motions for an order requiring a commissioner to certify his action on the motion to quash were denied.

It is true that the courts are not in accord as to what is the proper procedure for the review of the action of a commissioner in issuing a search warrant and later hearing the question of its legality, but I know of no authority for the procedure followed by the defendants in this case. The defendant may proceed by motion to quash at the proper time or raise the question at the trial.

I consider, therefore, that appeal is not the proper procedure. Defendants have other adequate remedy.

The validity of the search warrant is not considered.

Now, May 22, 1930, the appeal in this case is dismissed.