No. 12,357.

BURNETT *v.* JEFFERS.
(299 Pac. 18)

Decided May 11, 1931.

614

Mr. W. H. Burnett, pro se.

Mr. C. H. Stewart, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

J. Welland Jeffers sued O. J. Updegraff and his wife for $300. A writ of attachment and a summons in garnishment were served upon Herbert Chase, as garnishee. Chase answered November 1, 1924, stating that he was holding 110 bags of onions brought to his warehouse by Updegraff, and that Burnett claimed to own the onions by virtue of an assignment by Updegraff to him. The onions were sold under order of court, and the proceeds, $84.35, were deposited in court by Chase to abide the judgment of the court.

Notwithstanding Chase's answer calling attention to Burnett's claim, as permitted by section 138 of the Code of 1921, no citation or summons to Burnett was served, or even issued, as required by section 139 of the Code. On March 22, 1928, Burnett filed his petition in intervention, alleging his ownership of the onions by virtue of an assignment made by the Updegraffs to him for the benefit of their creditors, and that such assignment was made before the commencement of the action. On April 12, 1928, Jeffers filed a motion to strike the petition in intervention, which motion was sustained on March 5, 1929, at which time the court also denied Burnett's application to plead further, and rendered judgment awarding Jeffers the money paid into court by Chase. Burnett filed a motion for a new trial, which was denied.

 When Chase, in his garnishment answer, stated that Burnett claimed to own the onions by virtue

of an assignment, it was the duty of the court to issue a citation or summons requiring Burnett to appear and set up his claim. Code of 1921, §139. However, before the garnishment proceedings were determined, Burnett filed his verified petition in intervention; and, under section 146 of the Code, he was entitled to have his claim tried and determined. In denying him that right, the court committed reversible error.

The judgment is reversed, and the cause is remanded for further proceedings in harmony with the views herein expressed.

Mr. Chief Justice Adams, Mr. Justice Moore and Mr. Justice Burke concur.