## No. 15,546.

### SUSMAN, ASSIGNEE OF CREDIT FINANCE INDUSTRIAL BANK *v*. EXCHANGE NATIONAL BANK, EXECUTOR.

(183 P. [2d] 571)

Decided July 7, 1947.

Mr. GRAHAM SUSMAN, Mr. HYMAN D. LANDY, for plaintiff in error.

Mr. FRED W. VARNEY, for defendant in error.

MR. JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING in intervention involving money in a bank account, being held pursuant to garnishment. Findings and judgment were in favor of the intervener.

It appears that in February, 1931, an industrial bank was given judgment against one Taylor, in the sum of $1,965; that about five years subsequent thereto plaintiff in error became assignee of the judgment; that July 15, 1943, or seven years after the assignment, execution was issued on the judgment, and in aid thereof garnishment summons was served on a Denver commercial bank; that July 27, 1943, the bank answered that the judgment debtor had a balance of $728.66 on deposit with it, but that one E. A. Pring had served notice that said funds were his property, and that he intended to intervene in that behalf; that October 9, 1943, said Pring, proceeding pursuant to paragraphs (a) and C (c), of rule 24, and paragraphs (h) and (n), rule 103, Colorado Rules of Civil Procedure, filed a petition in intervention in which he alleged that he was the owner of the funds involved, and more particularly that July 7, 1943, he had issued and made payable to the order of the said Taylor, his check on the Exchange National Bank, Colorado Springs, in the sum of seven hundred fifty dollars, "in trust for the sole and specific purpose of enabling * * * Taylor to use same for the purchase of five Durham milk cows for the account of petitioner, * * * from a person by the name of Peterson, who resided near Sedalia, Colorado," and that Taylor had "interviewed said Peterson and initiated a transaction to purchase said cows; but that prior to the time of completion of the said purchase for the account of this petitioner, said

\* \* \* Taylor deposited the check of this petitioner in his, the said Taylor's account in the Central Savings Bank and Trust Company \* \* \*, and that the $728.00 found in said account by said writ of garnishment, and reported by said garnishee, was and is the proceeds of said check of this petitioner, and was and is the property and funds of this petitioner." Intervener further alleged that the present instance was not different from "other transactions over a period of several years between intervener and \* \* \* Taylor, wherein Taylor has acted as agent and trustee for this intervener in the purchase of cattle, land, and in numerous other transactions."

Challenged below by motion to dismiss, the petition in intervention was adjudged to be sufficient. Answering, the judgment creditor again challenged the legal sufficiency of the petition, and for a second answer, alleged the facts of the garnishment to the effect already stated in this opinion, and that the garnishee had answered that it "held to the credit of \* \* \* Taylor, the sum of seven hundred twenty-eight dollars and sixty-six cents." Denied that the intervener was the owner of said money, and denied generally otherwise. Subsequently, and with leave of court, an amendment to the answer was filed, which reads: "If the funds impounded by the garnishment are the property of the intervener, then and in that event, the said intervener, E. A. Pring, is estopped from intervening in the above mentioned case, or making any claim to the proceeds of garnishment, or any part thereof, by reason of the fact that the said intervener, E. A. Pring, by his acts and conduct, permitted the funds and bank account, which were subjected to garnishment, to be and stand in the name of the defendant C. H. Taylor, which said funds are subject to withdrawal only by the said defendant C. H. Taylor."

By his own testimony, and that of Taylor and Taylor's grown son, the intervener supported the allegations of his petition. His check of the date alleged and in sum of $750, payable to the order of Taylor, and showing

that it had been deposited to Taylor's credit in the garnishee bank, was admitted in evidence as an exhibit. The judgment creditor offered no evidence. After argument of counsel, the court found generally for the intervener, and particularly that the money involved belonged to the intervener. Finding otherwise in that regard, the record considered, as we are persuaded, would not have been justified. Indeed, the judgment creditor does not seriously contend that the evidence failed to support such finding. Rather, the contention is that the situation was such that the intervener is estopped to lay claim to the money, hence, as argued, the evidence upon which the court made its findings, was incompetent.

But does the doctrine of estoppel operate here? In the view of the trial judge, it does not. Generally, as it is well to keep in mind, that doctrine "is not regarded with favor, and should be applied only when all the elements constituting an estoppel clearly appear." *Langley v. Young*, 72 Colo. 466, 211 Pac. 640. "Estoppel can arise only when the one relying thereon has changed his position to his material detriment." *Thomas v. Bank*, 97 Colo. 474, 51 P. (2d) 589. "An estoppel operates only when the person relying upon it has been misled to his disadvantage." *Williams v. Hankins*, 75 Colo. 136, 225 Pac. 243. "The essential elements of estoppel must be pleaded and proved. *Griffith v. Wright*, 6 Colo. 248. One of these elements is conduct which has misled defendant to his injury." *Commercial Inv. Co. v. Newhagen*, 83 Colo. 533, 266 Pac. 713. Was plaintiff in error here misled by any act of the intervener? Analysis of the record should reveal the answer. We note again that the judgment was given in 1931. Five years later it was assigned to plaintiff in error, and she had owned it some seven years before she procured the issuance of an execution thereon and caused summons in garnishment to be served on the bank which answered as to the fund here involved. That the credit extended to the debtor in the first instance was because of what the intervener

did here, or at all, clearly does not obtain. Neither does it appear that after plaintiff in error became owner of the judgment, or ever, proceeding upon the relationship between the intervener and her judgment creditor, made manifest here, she was led to act to her material detriment in the premises. "A judgment creditor cannot have his debt satisfied out of property held in trust for another, no matter how completely his debtor may have exercised apparent ownership over it, unless it was upon the faith of such ownership that the credit was given. *Marx v. Parker,* 9 Wash. 473, 37 Pac. 675, 43 Am. St. Rep. 849. "Garnishment proceedings will reach such moneys, credits, or other property as actually belong to defendant, and only such property. They will not reach property which in equity and good conscience should be treated as the property of someone other than defendant, and where defendant's title to the property is so defective that he could not retain it as against a third person such property cannot be considered as belonging to him for the purpose of garnishment." 38 C.J.S., Garnishment, p. 267, §71. "The garnishing creditor can reach funds of the depositor only in cases where the depositor is the true owner thereof." Ibid., p. 282, §80. "The creditor of a bank depositor who garnishes money in the bank to the credit of his debtor is in no better position than the depositor. Consequently funds cannot be attached or garnished in an action against the depositor where they have been deposited in trust or belonging to another." 4 Am. Jur., Attachment and Garnishment, p. 719, §256. See, generally, *Latham v. Gregory,* 9 Colo. App. 292, 47 Pac. 975; *Burnett v. Jeffers,* 88 Colo. 613, 298 Pac. 1069; *Farmers' & Mechanics' Nat. Bank v. King* (an exhaustive study), 57 Penn. St. 202, 98 Am. Dec. 215; *Home Land & Loan Co. v. Routh,* 123 Ark. 360, 185 S.W. 467; *Morrill v. Raymond,* 28 Kan. 415, 42 Am. Rep. 167; *Marx v. Parker, supra; Packer v. Crary,* 121 Ia. 388, 96 N.W. 870; *Van Alen v. American Nat. Bank,* 52 N.Y. 1. "The fact that an agent deposits the funds of his prin-

cipal in a bank account which stands in the agent's name does not give the agent any interest which can be subjected to the payment of his debts. Proof that the money in fact belongs to another will defeat an attempt by the creditors of the agent to seize the deposit." *Kinnison v. Guaranty Liquidating Corp.,* 18 Cal. (2d) 256, 115 P. (2d) 450. "Although garnishment is a purely statutory proceeding it is always administered upon equitable principles." *Marx v. Parker, supra,* p. 480. "Therefore, if the deposit in the bank was, in equity, the property of the city, although it stood in Parker's name, respondents had no right to a judgment against the garnishee." *Marx v. Parker, supra,* p. 475. We regard *Schraeder v. Mitchell,* 73 Colo. 320, 215 Pac. 147, and *Zuckerman v. Guthner,* 105 Colo. 176, 96 P. (2d) 4, emphasized by counsel for plaintiff in error, as distinguishable. Error is not perceived.

Let the judgment be affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE ALTER concur.