494 P.2d 850 (1971)
The PURITAN PIE COMPANY, a Colorado corporation, Plaintiff-in-Error,
v.
MILPRINT, INC., Defendant-in-Error.
No. 71-263. (Supreme Court No. 24441.)
Colorado Court of Appeals, Div. I.
December 21, 1971.
Rehearing Denied January 11, 1972.
Certiorari Denied March 1, 1972.
*852 Belmore T. Martin, Denver, for plaintiff in error.
L. James Arthur, Kelly O'Neall, Jr., Denver, for defendant in error.
Not Selected for Official Publication.
ENOCH, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This is a contract case. The parties will be referred to by their trial court designations where Milprint, Inc. was plaintiff and The Puritan Pie Company was defendant. Plaintiff's complaint alleged defendant breached a contract between the parties resulting in actual damages of $3,220 and special damages of $4,392 for lost profits. The damage allegation was subsequently amended during the course of trial to $2,750 for general damages and $8,509.60 for special damages. Defendant's answer generally denied the existence of a contract between the parties. Trial was to the court and judgment entered for plaintiff for $11,259.60. We affirm.
Plaintiff designs and manufactures cartons for packaging food and other items. Defendant is in the business of making pies. In early 1962, defendant was contemplating entering into the frozen pie market and negotiated with plaintiff for cartons satisfactory to package frozen fruit and cream pies. On May 16, 1962, two agreements were signed, one for frozen cream pie cartons and one for frozen fruit pie cartons. Prices were specified in the agreements and each contained a provision that art work was to be submitted and approved by defendant. On July 13, 1962, two more agreements were entered into which altered the proposed size of the pie cartons, and on January 31, 1963, a third set of agreements were executed which provided for additional colors to be used on the pie cartons. Instead of an approval provision, these latter agreements stated "colors per the approved art work." Defendant never complied with its obligation to supply plaintiff with the list of ingredients to be printed on the cartons. This was necessary for plaintiff to proceed with its performance under the contract. On appeal, defendant does not contest the trial court's finding that this constituted a breach of the contract.
The trial court found that the January 31, 1963 agreements were final agreements modifying the two earlier sets of agreements. Defendant's first assignment of error is that this conclusion was erroneous because of the failure of the agreements to specify such terms as date of delivery and freight charges. We find no merit in this argument. The agreements specify the exact quantity of pie cartons to be purchased and their price. The size, color and other technical specifications of the cartons are all included in the agreements. The terms of these agreements were sufficiently definite so that the intent of the parties could be ascertained with a reasonable degree of certainty. Stice v. Peterson, 144 Colo. 219, 355 P.2d 948.
The defendant contends that there was insufficient evidence to support the trial court's finding that the art work had been approved by defendant as required by the May 16 and July 13, 1962 agreements. The evidence on this point is conflicting, but there is sufficient evidence in the record to support the trial court's finding that preliminary approval of the art work had been given by defendant in December of 1962, subject to specified corrections which were subsequently made by plaintiff. This determination, therefore, will not be disturbed on review. Whatley v. Wood, 157 Colo. 552, 404 P.2d 537.
Defendant contends that the trial court erred in allowing plaintiff to amend its complaint to conform to the evidence on damages. The original complaint put the defendant on notice that claims for both actual and special damages were asserted. *853 Although there was controversy as to the damages, there was evidence to support the amended claim for damages and the findings of the trial court. Under these circumstances, we find no error by the trial court in allowing plaintiff to amend its complaint so that the amount of damages claimed conformed with the evidence. Thomas v. First National Bank, 97 Colo. 474, 51 P.2d 589.
Defendant claims that the awards for actual damages and loss of profits were based upon incompetent testimony. We do not agree. The testimony complained of was given by an employee of plaintiff who was accepted as an expert by the court. This witness testified that he controlled and supervised all the departments of the plaintiff involved in the production of the cartons, and he outlined the process and costs of designing and manufacturing pie cartons. He gave his estimate of the total damages based upon the contract price for the performed work and the contract price less the cost of production for the unperformed manufacturing. Whether a witness called to testify as to any matter on the basis of opinion has such qualifications and knowledge as to make his testimony admissible is a preliminary question for the trial judge, and his decision is conclusive unless clearly shown to be erroneous. City and County of Denver v. Lyttle, 106 Colo. 157, 103 P.2d 1.
The defendant also alleges that the award was excessive. An award by the trial court will not be set aside on review where, as here, there was substantial evidence before the court on the question of actual damages and loss of profits which support the award. Donahue v. Pikes Peak Auto Co., 150 Colo. 281, 372 P.2d 443.
Defendant contends the court erred in refusing to allow defendant's motion at the conclusion of the trial to amend the answer to assert the defense of the statute. C.R.S.1963, 31-9-3(1), which provides:
"No foreign corporation transacting business in this state without a certificate of authority nor anyone in its behalf shall be permitted to maintain any action, suit or proceeding in any court of this state, until such corporation shall have obtained a certificate of authority."
When defendant made this motion at the end of trial, the court found insufficient evidence to show plaintiff was a corporation transacting business within the State of Colorado within the meaning of the statute. Plaintiff's contact within this state consisted solely of sending an agent to Colorado to present art work for defendant's approval. Such contact does not necessitate a foreign corporation's obtaining a certificate of authority before maintaining a suit in Colorado. Herman Bros. Co. v. Nasiacos, 46 Colo. 208, 103 P. 301; International Trust Co. v. A. Leschen & Sons Rope Co., 41 Colo. 299, 92 P. 727.
Defendant's final contention is that the court erred in awarding interest from August 19, 1968, the date of filing the complaint, to date of judgment. We do not agree. The filing of the complaint was equivalent to a demand and the damages were for a balance due computed on performed work and for the difference between contract price and cost of production on the unperformed work under the contracts. Under these circumstances, the award of interest was proper. York Plumbing and Heating Co. v. Groussman Investment Co., 166 Colo. 382, 443 P.2d 986; Mulligan v. Smith, 32 Colo. 404, 76 P. 1063.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.