SARTAIN, Judge.
Plaintiff in this suit, a subcontractor, sued to recover on a subcontract with the defendant, a general contractor, under which plaintiff was obligated to install flooring in the kitchen of the Bourbon Orleans Hotel.
The trial court found for the plaintiff and we affirm.
The original contract specified the flooring would be a material known as Dex-O-Tex and the amount of the contract was $2,420.00. On the day the work was to begin, the architect for the job was informed that the installation would take seven days because of the number of steps required and the delays required between steps. Because seven days was deemed too long a time by the architect, it was agreed that a material known as Magnasite would be substituted, as it took only two days to install and was a comparable material. The change order also instructed the plaintiff *277 to install vinyl-asbestos tile on stairs and the kitchen mezzanine for the unit price of $0.75 per square foot. The change of material increased the contract amount by $286.00 and the added work of tiling accounted for a further increase of $236.25. The final invoice submitted by the plaintiff was for $2,942.25. Defendant refused to pay, alleging that it was not a party to the change in and addition to the contract, that the original contract was thus can-celled, that a new contract was entered into between the subcontractor and the owner, through the architect, as agent for the owner, G. Brian Corporation, and that the defendant has no liability under the alleged new contract.
The plaintiff alleged that the defendant was fully aware of the change in and addition to the contract through its superintendent, one LaRusso, who was at the work site when this operation • was begun, that the work was done under the direct observation, inspection -and coordination of LaRusso and that the defendant having acquiesced in the amendments to the original contract is still liable thereunder for the new amount.
The trial court found from the testimony of plaintiff’s witnesses that the installation was in fact supervised by LaRusso. When the job was finished, plaintiff’s vice president testified that he asked LaRusso for defendant’s address in order to send the invoice and that LaRusso told him to send it first to the owner, G. Brian Corporation, for approval. Later, upon demand of the defendant, plaintiff sent defendant a letter containing a one year guarantee, as required by the contract, and specified that Magnasite was the material used for the flooring.
The defendant did not call a single witness to rebut plaintiff’s evidence and failed to respond within the thirty days granted by the lower court after trial to submit further evidence by deposition.
We find nothing in the record to indicate that the trial judge erred in finding that defendant was fully aware of and acquiesced in the contract changes and continued to be obligated thereunder.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at appellant’s costs.
Affirmed.