646 P.2d 1030

Russell E. LOWE, aka Ed Lowe, and Caryn Lowe, husband and wife, Plaintiffs-Appellants,

v.

John C. LYM and Terry E. Lym, husband and wife, Defendants-Respondents,

and

David Ticknor and Yoshiko Ticknor, husband and wife; Robert Tripp and Larae Tripp, husband and wife; and Horizon Real Estate and Development Company, Defendants.

No. 13504.

Court of Appeals of Idaho.

June 15, 1982.

Craig R. Jorgensen, Pocatello, for plaintiffs-appellants. Howard L. Armstrong, Jr., Pocatello, on brief.

Brent O. Roche of the firm of Vern E. Herzog, Jr., Pocatello, for defendants-respondents Lyms. Bruce S. Bistline, formerly of the firm, on brief.

John Souza, Pocatello, for defendant Horizon Real Estate and Development Co.

WALTERS, Chief Judge.

This is an appeal from a summary judgment granting rescission of a land sale transaction. We affirm the entry of the judgment in favor of the sellers but remand for redetermination of the amount of monetary recovery by the buyers.

The buyers, Russell and Caryn Lowe, purchased real property located in Bannock County from John and Terry Lym. Following payment of the purchase price and receipt of the deed, the buyers applied for a building permit for construction of a residence on the property. Issuance of the permit was denied by county authorities on the basis that the property was part of a subdivision which had not been properly platted and approved.

The buyers subsequently filed suit against the sellers, together with the sellers' predecessors in interest and the realty company which had closed the transaction. The buyers alleged that fraud and misrepresentation occurred in the sale. They sought damages and an order requiring the defendants to establish a legal subdivision, so the necessary building permit could be obtained.

The sellers moved for summary judgment pursuant to I.R.C.P. 56. The summary judgment proceedings raised the issue of whether the parties had agreed to rescind the land sale transaction before the suit was filed. The district court granted the sellers' motion. A judgment was entered decreeing that, upon tender of appropriate documents of reconveyance to the sellers, the sellers "shall pay" to the buyers the purchase price together with interest and reasonable attorney fees in an amount to be later determined. The buyers timely moved for reconsideration of the order granting summary judgment, which motion was denied. This appeal followed.

The district court's determination to grant summary judgment was based upon communications between the parties occurring subsequent to the closing of the land sale transaction, and prior to the commencement of the litigation by the buyers. The sale transaction was closed in October, 1976. By the following June, the buyers had been refused the building permit. That month the attorney for the buyers made written demand upon the sellers. After stating that the buyers were unable to obtain a building permit because the property purchased from the sellers was enclosed in an illegal subdivision, the letter recited:

Accordingly, demand is hereby made upon you for the return of all sums of money paid by Mr. Lowe, together with all interest and for damages he has incurred, including an amount for an attorney fee.

*You are further notified that Mr. Lowe hereby rescinds his contract of purchase. This demand is made pursuant to § 55–1819 of the Idaho Code.*[1]

Your immediate reply is expected, and unless we hear from you, further legal action will be instituted. (Emphasis supplied.)

Seven months later, on January 24, 1978, the attorney for the sellers responded. His letter to the buyers' attorney stated:

I am in receipt of your letter of June 24, 1977, to Mr. John Lym *whereby Mr. Ed Lowe rescinds his contract of purchase* for lands purchased from Mr. Lym in the Gibson Jack area of Bannock County, Idaho. Said demand for rescission was made pursuant to Idaho Code 55–1819 which allows that Mr. Lowe should have returned to him the amount which he paid for the lot plus interest at 6 percent per year from the time of payment and any costs that he had been assessed as taxes or assessments. Additionally, a reasonable attorney's fee can be awarded; however, as I read the statute, it places a burden upon the purchaser to tender appropriate instruments for reconveyance.

*Please be advised that Mr. Lym accepted the rescission of the contract of purchase* and stands ready to pay over unto Mr. Lowe the amount stated above as soon as Mr. Lowe tenders proper instruments of reconveyance in favor of Mr. Lym. *Mr. Lym considers the contract rescinded* thereby making him the owner of said parcel of property with merely a determination of the amount of money paid to Mr. Lowe left to be made. If this sum cannot be agreed upon by March 1, 1978, we will ask a court of competent jurisdiction to determine the amount which should be paid over to Mr. Lym. (Emphasis supplied.)

In the summary judgment proceedings, the sellers contended the letter from the buyers' attorney constituted an "offer" to rescind the transaction, and that their responsive letter constituted an "acceptance" of the offer. The district court agreed.

On appeal the buyers contend it was error to grant summary judgment because of the existence of genuine issues of material fact relating to the "offer and acceptance" approach adopted by the district court. They also contest the propriety of the judgment and relief granted by the court.

■ We affirm the judgment of the district court, although not upon the "offer and acceptance" theory found by the court in its order granting summary judgment. Rather, we affirm on the basis of mutual consent to rescission.[2]

■ Our analysis begins with the recognition that this case does not involve an attempted rescission of an existing, executory contract between the parties. *Compare, e.g., Blinzler v. Andrews,* 94 Idaho 215, 485 P.2d 957 (1971); 17A C.J.S. *Contracts* § 386, at 458 (1963). Here the land sale transaction was completed. The sellers had received the purchase price, the buyers had received a deed to the property, and nothing remained to be performed by either of them. Fully executed contracts, however, may be rescinded by the parties, by returning them to the status quo they occupied prior to the executed contract. *Mohr v. Shultz,* 86 Idaho 531, 539, 388 P.2d 1002, 1008 (1964). Executed contracts "under which the chose is vested" ordinarily can be rescinded only by mutual consent or judicial

---

1. I.C. § 55–1819 ostensibly would appear inapplicable to the transaction between these parties. That section is part of the Subdivided Lands Disposition Act adopted in 1972. The Act relates to the sale or disposition of land located outside of the State of Idaho. Here the land was located within the State of Idaho. The district court below, however, held that the parties, by their communications, agreed to be bound by the terms of I.C. § 55–1819, by reference thereto.

2. Where a lower court's judgment or order is correct, but based upon a different or erroneous theory, it will be affirmed on appeal upon the correct theory. *Southern Idaho Realty of Twin Falls, Inc. v. Hellhake and Associates, Inc.,* 102 Idaho 613, 636 P.2d 168 (1981); *Foremost Ins. Co. v. Putzier,* 102 Idaho 138, 627 P.2d 317 (1981); *Matter of Revello,* 100 Idaho 829, 606 P.2d 933 (1979).

decree. 17A C.J.S. *Contracts* § 385, at 458 (1963).

■ The mutuality of assent to rescind a transaction can arise in at least two ways. It may arise from offer and acceptance, or from demand followed by agreement or acquiescence.

"Mutual assent may be by offer to rescind and acceptance by the other party, but the offer on the one side must be accepted on the other, before its withdrawal, and one party to a contract cannot abrogate or rescind it by merely giving notice to the other of its intention so to do. *However, where a party, even without right, claims to rescind a contract, if the other party agrees to the rescission or does not object thereto and permits it to be rescinded, the rescission is by mutual consent.*"

17A C.J.S. *Contracts* § 389, at 466 (1963). (Emphasis supplied.)

Here the letter of the buyers did not specifically tender an *offer* to rescind; rather, it explicitly served notice that the buyers "hereby rescind" the contract, and it made demand for recovery of certain amounts of money. The letter did encourage a reply but did not purport to invite an *acceptance* of the terms stated in the letter. Although the sellers responded by "accepting" the rescission, they also specifically declared that they, too, considered the contract rescinded. This conduct falls within the rule last stated above, that where a party, without right, claims to rescind a contract and the other party agrees or does not object thereto and permits it to be rescinded, the recission is by mutual consent. *Id.*

■ Thus, there was mutual assent to rescission before the suit was filed by the buyers.[3] The terms of the rescission superceded the terms of the original contract.

The rescission of a contract is in itself a new contract; it is the substitution of a new agreement for the old. The mutual rights of the parties are determined by the terms of their rescission agreement. Where a contract has been rescinded by mutual consent, the parties are, as a general rule, restored to their original rights with relation to the subject matter, and they are entitled to be placed in status quo as far as possible. All rights under the rescinded contract are terminated, and the parties are discharged from their obligations thereunder. No claim or action for breach can be maintained thereafter....

17A C.J.S. *Contracts* § 392, at 471–472 (1963).

The terms of the rescission necessary to return the parties to the status quo existing before their land sale transaction are outlined in the two letters between the parties. The buyers' demand was made pursuant to I.C. § 55–1819 and entailed return to the buyers of the purchase money together with interest, damages and attorney fees. By the provisions of this statute, the recovery by the buyers of the money amounts demanded was predicated upon the buyers' "tender of appropriate instruments of reconveyance." The terms contained in the letter, in light of the statute, was unequivocal. The title to the property would be returned to the sellers in exchange for recovery of the purchase price and other amounts set forth in the letter and the statute.

The responsive letter from the sellers addressed all demands specifically made by the buyers or incorporated by reference to I.C. § 55–1819, except for the buyers' claim for recovery of damages. However, because rescission requires restoration to the status quo, the buyers would be entitled to recover such damages as would restore them, as much as possible, to the status quo. *Cady v. Pitts*, 102 Idaho 86, 90, 625 P.2d 1089, 1093 (1981). The sellers, in their letter, recognized that if the parties could not agree upon the sum to be recovered by the buyers, the matter should be judicially determined. Otherwise, the sellers did not introduce any new terms or conditions to

---

**3.** The letter from the sellers to the buyers was received by the buyers on January 27, 1978, three days before the suit was filed on January 30, 1978.

the mutual rescission, but merely outlined the process necessary to implement and complete the new arrangement.

█ Whether a rescission by consent has been effected is one of law for the court, where the facts are admitted or clearly established. *Pitner v. Federal Crop Insurance Corporation*, 94 Idaho 496, 499, 491 P.2d 1268, 1271 (1971). In our view the facts clearly establish that the parties mutually consented to a rescission, prior to the filing of suit. The district court properly, although upon a different analysis also determined as a matter of law that there was a rescission and that the sellers were there-fore entitled to summary judgment.

Following the order granting summary judgment, but before entry of the judgment, the buyers moved for "reconsideration" of the order. In their motion they focused on a new issue, i.e., whether the buyers' notice of rescission had been "withdrawn" before the sellers' transmitted their responsive letter. The motion for "reconsideration" was denied by the district court subsequent to the entry of the formal judgment. In this regard, the procedure followed by the district court was similar to what transpired in *Obray v. Mitchell*, 98 Idaho 533, 567 P.2d 1284 (1977). There a motion to reconsider a memorandum opinion was filed before formal findings of fact, conclusions of law, and a judgment were entered. After entry of the judgment the trial court heard and denied the motion. The Supreme Court said:

> The Idaho Rules of Civil Procedure do not provide for a petition to reconsider a memorandum decision. As such, the trial court correctly treated appellant's petition as a motion to alter or amend judgment pursuant to I.R.C.P. 59(e).

98 Idaho at 538, 567 P.2d at 1289.

█ A Rule 59(e) motion to amend a judgment is addressed to the discretion of the court. *Cohen v. Curtis Publishing Co.*, 333 F.2d 974 (8th Cir. 1964). An order denying a motion made under Rule 59(e) to alter or amend a judgment is appealable, but only on the question of whether there has been a manifest abuse of discretion.

*Walker v. Bank of America National Trust and Savings Association*, 268 F.2d 16 (9th Cir. 1959), *cert. denied* 361 U.S. 903, 80 S.Ct. 211, 4 L.Ed.2d 158 (1959). Rule 59(e) proceedings afford the trial court the opportunity to correct errors both of fact or law that had occurred in its proceedings; it thereby provides a mechanism for corrective action short of an appeal. *First Security Bank v. Neibaur*, 98 Idaho 598, 570 P.2d 276 (1977). Such proceedings must of necessity, therefore, be directed to the status of the case as it existed when the court rendered the decision upon which the judgment is based.

█ However, where—as in this case—the motion for "reconsideration" raises new issues, or presents new information, not addressed to the court prior to the decision which resulted in the judgment, the proper analogy is to a motion for relief from judgment under Rule 60(b). That rule requires a showing of good cause and specifies particular grounds upon which relief may be afforded. *Hendrickson v. Sun Valley Corporation, Inc.*, 98 Idaho 133, 559 P.2d 749 (1977). As with Rule 59(e) proceedings, the right to grant, or deny, relief under the provisions of Rule 60(b) is a discretionary one with the trial court. *Johnston v. Pascoe*, 100 Idaho 414, 599 P.2d 985 (1979). Here, the buyers have failed to show good cause for submission of new information to the court after a decision had been entered. We conclude that they have demonstrated no abuse of discretion by the district court in denying their motion to "reconsider". Our conclusion and the standard upon which we base it, are also consistent with the requirement of showing good cause to re-open a case, following trial. *See Smith v. Smith*, 95 Idaho 477, 511 P.2d 294 (1973).

Finally, the buyers contend that the relief granted by the district court was improper. They argue that the court granted relief not prayed for, and that the judgment entered did not fully conform to the demand of the buyers.

█ As to the first point, we hold that the district court did not err in ordering

**264**

enforcement of a rescission agreement made by the parties through their mutual consent. Where the trial court concludes that the conduct of the parties amounts to a rescission, thereby entitling the parties to be returned to the status quo existing prior to a purported sale, it is proper for the court to grant relief by way of rescission, whether or not such relief has been specifically requested or pleaded. *Cady v. Pitts,* 102 Idaho 86, 90–91, 625 P.2d 1089, 1092–1093 (1981).

We conclude that the buyers are correct as to the second point raised, i.e., that the judgment was incomplete. In the summary judgment, the district court provided for return to the buyers of the purchase price, the award of interest, and the allowable attorney fees. To that extent, the entry of summary judgment was proper. The court did not, however, address the amount of damages necessary to restore the buyers to the status quo, nor did the court address the taxes or assessments paid, if any, which would be recoverable by the buyers upon rescission of the land sale transaction. These issues remain to be determined. The matter will therefore be remanded to the district court for determination of those items and any additional recovery to which the buyers may be entitled, to restore them, as far as possible, to the status quo. *Cady v. Pitts, supra.*

■ Horizon Real Estate and Development Company requests an award of attorney fees for appearing and defending this appeal. Although not reflected in the record presented to us on appeal, Horizon represented at oral argument that it was dismissed from the suit by the district court after summary judgment had been entered in favor of the sellers. If this is true, then Horizon is no longer concerned with the suit. The buyers did not appeal that dismissal and Horizon did not cross-appeal. Under these circumstances we see no reason why Horizon participated in this appeal. Therefore we hold that Horizon is entitled to no attorney fees or costs on appeal.

As to the other parties to this appeal, no attorney fees will be awarded. We hold that this appeal was neither brought nor defended frivolously, unreasonably, or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). The judgment granting rescission is affirmed and the matter is remanded for further proceedings consistent with this opinion. No costs on appeal allowed.

BURNETT and SWANSTROM, JJ., concur.