814 P.2d 437

**Bernard HINES, and Janice Hines, husband and wife, Plaintiffs–Respondents,**

v.

**Ivyl WELLS, and Evelyn Wells, husband and wife, Defendants–Appellants.**

No. 18733.

Court of Appeals of Idaho.

June 28, 1991.

Rehearing Denied Aug. 6, 1991.

Daniel L. Hawkley, Boise, for defendants-appellants.

Beer & Cain, Boise, for plaintiffs-respondents. Dennis L. Cain argued.

PER CURIAM.

This case arises from the purchasers' default and forfeiture of their interest under an installment land sale contract. On appeal, we are asked to determine whether the district court properly held that the purchasers were entitled to restitution for the value of improvements they made to the property. For the reasons explained below, we reverse the judgment.

In May, 1986, Bernard and Janice Hines (the Hines) entered into an agreement with Ivyl and Evelyn Wells (the Wells), whereby the Hines agreed to purchase from the Wells certain commercial property located in Mountain Home, Idaho, for $200,000. Pursuant to the agreement the Hines took immediate possession, and were to pay monthly installments of $1,755.16, including interest, and real estate taxes. The parties placed in escrow the relevant documents with instructions that the escrow holder deliver all escrowed papers to the Hines upon completion of all conditions in the contract, but that in the event of forfeiture, the escrowed documents should be returned to the Wells.

The Hines used the property to operate a restaurant business. Early in 1987, in response to their expanding business, they constructed an addition to the existing building. This construction increased the floor space by nearly forty percent, accommodating a new kitchen, a drive-up window, and an additional seating area. For these improvements, the Hines spent $34,-862.73 from the business profits, in addition to the considerable time and labor expended by the Hines themselves. Months after the completion of the construction, however, several other restaurants moved to the area, crippling the Hines' business. The Hines became unable to operate their business profitably and they defaulted on the contract in August, 1988. In late September, the Wells sent the Hines a notice of default stating that unless the default was cured within sixty days, the Wells would "without further notice declare the whole unpaid balance of the purchase price immediately due and payable and immediately start proceedings to recover the property." On December 2, 1988, the Hines vacated the property and left the keys with their attorney, who turned them over to the

Wells. Several weeks later the Hines wrote to the Wells claiming that they were entitled to restitution for the value of the improvements made to the property, and requested a proposal. The Wells denied the request, maintaining that they owed the Hines nothing.

The Hines filed an equitable action seeking recovery for the value of the improvements on a theory of unjust enrichment. The Wells challenged the sufficiency of the complaint to state a claim and moved for judgment on the pleadings. The district court denied the motion. Following a bench trial, the district court held that the Wells were bound by their election of the remedy of forfeiture and that the Hines were entitled to an award of restitution in the amount of $25,410.07.

On appeal, the Wells maintain that the Hines' improvements to the property did not give rise to an equitable interest in the property. Alternatively, they assert that any interest the Hines may have held in the property was forfeited when the Hines surrendered the property to the Wells. Finally, the Wells dispute the measure of recovery employed by the district court in determining the amount of restitution. We conclude this last issue is dispositive, obviating the need to address any other issues raised.

■ Where a forfeiture occurs under an installment land sale contract—the seller retaining both the payments and the property—the defaulting purchaser may seek restitution for that part of the forfeiture deemed to constitute an "unconscionable penalty." *E.g., Melton v. Amar,* 83 Idaho 99, 107, 358 P.2d 855, 859 (1961); *Graves v. Cupic,* 75 Idaho 451, 456, 272 P.2d 1020, 1023 (1954). Central to the equitable remedy of restitution is the principle against unjust enrichment. D. DOBBS, HANDBOOK ON THE LAW OF REME-DIES § 4.2, at 229 (1980). In order to establish his or her claim to restitution, the purchaser must show that the value of the property reverting to the seller, together with payments made under the contract, is disproportionate to the seller's actual damages. *Clampitt v. A.M.R. Corp.,* 109 Idaho 145, 706 P.2d 34 (1985); *McEnroe v.*

*Morgan,* 106 Idaho 326, 678 P.2d 595 (Ct. App.1984). The measure of "actual damages" allowed the vendor is, primarily, the difference between the contract price and the value of the property at the time of breach. *See, e.g., Clampitt,* 109 Idaho at 149–150, 706 P.2d at 38–39; *Lawrence v. Franklin,* 113 Idaho 895, 898, 749 P.2d 1020, 1023 (Ct.App.1988); *Howard Bar Bell Land & Cattle Co.,* 81 Idaho 189, 340 P.2d 103 (1959). Under the analysis employed in *Idaho Lumber, Inc. v. Buck,* 109 Idaho 737, 710 P.2d 647 (Ct.App.1985), to recover in unjust enrichment for improvements made to property, the claimant must establish the fair market value of the property before the improvements (presumptively, the sales contract price), the amount of the improvements, and the fair market value of the property after the seller takes it back on default of the buyer. The difference in the two market values establishes the benefit to the seller, resulting from the improvements, which may or may not be unjust for the seller to retain.

■ With these principles in mind, we turn to the Wells' contention that the district court erred in measuring the value of the property retained as a result of the forfeiture. The trial court found that no evidence had been presented at trial to establish the fair market value, with any degree of reasonable certainty, of the property at the time it reverted to the sellers. The Hines did not challenge this determination in this appeal. Applying the *Buck* analysis, we conclude that the Hines failed to prove their claim and the district court should have granted judgment to the sellers, Wells.

■ In *Gillette v. Storm Circle Ranch,* 101 Idaho 663, 667, 619 P.2d 1116, 1120, (1980) our Supreme Court stated:

Unjust enrichment is an equitable doctrine and is inapplicable where the plaintiff in an action fails to provide the proof necessary to establish the value of the benefit conferred upon the defendant.

In addition to proving the value of the benefit conferred, the plaintiff must prove "the *amount of enrichment which, as between the two parties it would be unjust*

*for one party to retain."* *Continental Forest Products, Inc. v. Chandler Supply Co.,* 95 Idaho 739, 743, 518 P.2d 1201, 1205 (1974) (emphasis added); *See also Idaho Lumber, Inc. v. Buck, supra.*

Mr. Hines testified that he believed the property was worth $250,000. The district court gave very little weight to this evidence and did not find it sufficient to establish fair market value; he was justified in holding that the fair market value had not been established. Nevertheless, the district court entered a finding that the forfeiture benefited the Wells "at least to the extent of [the Hines'] expenditures." The court obviously gave substantial weight to the evidence of the costs involved in the remodeling.

 Although evidence of costs in remodeling or expanding a structure may be considered evidence of the value of the property, it may be relied on only in exceptional circumstances, where the market for the property is difficult to define or where it is highly likely that the structure would be replaced if it were destroyed. *McFarland v. School Dist. No. 365, et al.,* 108 Idaho 519, 700 P.2d 141 (Ct.App.1985).

We believe it is clear that this is not a case where the fair market value of the property can be proven through use of the *McFarland* exception. Here, we are dealing with income producing property. Of the various standard approaches for determining fair market value, the income producing factor may be the most important one when appraising commercial property. *See, e.g., Logan v. Grand Junction Associates,* 111 Idaho 670, 726 P.2d 782 (Ct.App. 1986); *Salt Lake County v. Kazura,* 22 Utah 2d 313, 452 P.2d 869 (1969).

The record strongly suggests that when the Hines breached the contract the value of this restaurant *as an income producing property* had decreased. Two new restaurants had opened up. The new competition took away half of the Hines' business. This was the only reason given why the Hines could not make their contract payments to the Wells.

The district judge had to find that the property was worth $234,862 or more in order to reach the result he did. If the property was actually worth less because its income producing ability had been impaired by market conditions in Mountain Home, then it is the Hines, not the Wells, who must absorb the loss in value. It is not equitable for the Hines to breach their contract on the basis of the drastic drop in income from the business and, then, to totally ignore that factor when it comes to determining the actual market value of the property at the time of the breach.

For these reasons, the *McFarland* exception does not, and it should not, apply to this case. Sufficient proof of fair market value of the property at the time of the breach was not presented to the district court. As a result, the *amount* of any "enrichment" (benefit) which the Wells may have received because of the improvements has not been proven. Accordingly, the district court could not take the next step and determine what part of the bestowed benefits it would be *unjust* for the Wells to retain unless compensation is paid to the Hines.

The judgment is reversed. Costs to appellants, Wells. No fees allowed.