931 P.2d 1

AgAmerica, FCB, a corporation, successor in interest to Farm Credit Bank of Spokane, and successor by merger of the Federal Land Bank of Spokane, Plaintiff,

v.

William Westgate, individually and as successor personal representative of the Estate of Mary Marie Westgate, Flordeliza Westgate, issue of William Westgate, Marvin Kinzer and Elaine Kinzer, husband and wife, Calam Temple of the Shrine, Northwest Farm Credit Services, ACA, successor by merger to the Interstate Federal Land Bank Association, Defendants.

Marvin KINZER and Elaine Kinzer, Husband And Wife, Cross Claimants–Appellants,

v.

William WESTGATE, individually and as successor personal representative of the Estate of Mary Marie Westgate, Jane Doe Westgate, Issue of William Westgate, Cross Defendants–Respondents.

No. 22477.

Court of Appeals of Idaho.

Jan. 31, 1997.

Lary C. Walker, Weiser, for appellants.

Edwin L. Litteneker, Lewiston, for respondents.

PERRY, Judge.

This case arose out of a foreclosure proceeding. Tenants of the property filed a cross-claim against the mortgagor seeking damages for lost profits from the property or, in the alternative, reimbursement of a portion of the prepaid lease amount. The district court granted summary judgment for the mortgagor on the cross-claim, and the tenants appeal. We vacate the order granting summary judgment and remand for further proceedings.

## I.

### FACTS AND PROCEDURE

Ed and Mary "Marie" Westgate owned, among other properties, a farm of approximately 540 acres, with a home and outbuildings, known as "Home Place." They leased the property to Marvin and Elaine Kinzer pursuant to various leases, oral and written, from 1966 to 1988. In the interim, Ed died and left his share of the property to Marie for life, then to his son Richard for life, then to Richard's son William for life, with the remainder going to William's children, if any, and if none, then to the Calam Temple of the Shrine for the children's hospital in Spokane. Marie's interest in the property followed the same order of distribution. After Marie's death in December 1988, Richard was appointed personal representative of her estate and was the life tenant of Home Place.

The Kinzers claim that in 1990 they entered into a written twenty-year lease with Richard. No signed copy of the lease has been located, although an unsigned copy of the lease was placed in the record. According to Marvin Kinzer, he paid $15,000 in January 1990 and $5,000 per year in 1991, 1992 and 1993, as prepaid rent for the twenty-year term. Richard died on April 13, 1993. William Westgate replaced Richard as the personal representative of Marie's estate and as the life tenant.

AgAmerica's predecessor, the Federal Land Bank of Spokane, held a mortgage on Home Place as security for a 1977 loan of $160,000 to the Westgates. AgAmerica initiated foreclosure proceedings in 1995, naming William Westgate, the Estate of Mary Marie Westgate, Flordeliza Westgate (collectively the Westgates) and the Kinzers as defendants. The Kinzers answered the complaint, lodged a cross-claim against their co-defendants, the Westgates, and counterclaimed against AgAmerica. The cross-claim sought, among other things, financial reimbursement in the amount of $300,000 for loss of the profits the Kinzers anticipated making on the property. The Kinzers eventually withdrew the counterclaim against AgAmerica and stipulated to the foreclosure. The Westgates answered the crossclaim and lodged a claim

against the Kinzers, seeking a declaration that no lease existed or, in the alternative, that the lease had been breached by the Kinzers and was therefore terminated. The Westgates then filed a summary judgment motion, seeking dismissal of the Kinzers' cross-claim. The district court granted the Westgates' motion, and the Kinzers appeal.

## II.

## ANALYSIS

The Kinzers contend that the granting of summary judgment and dismissal of their cross-claim was error. In their cross-claim, the Kinzers requested: that their rights be declared prior in time and right to those of the Westgates; that they be allowed to lease the premises during the life of William Westgate or for the duration of the written lease or that they be awarded $300,000 for lost income; that notice be given so that purchasers or encumbrancers were bound by the results of the suit, lis pendens; and any further relief available. In their response to the Westgates' motion for summary judgment, the Kinzers also advanced unjust enrichment as an additional theory of recovery.

█ Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). When assessing the motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994).

## A. Richard's Authority to Enter into a Binding Lease

█ The Westgates contended, in support of the motion for summary judgment, that no

lease was ever entered into and, in the alternative, that Richard Westgate lacked authority to enter into a binding lease with the Kinzers. The Kinzers argued that Richard had the authority as personal representative to lease the property and did so. The Kinzers claimed that they were entitled to damages due to the interruption of their rights under the lease. In reviewing the motion for summary judgment, the district court determined that the Kinzers, although they had not provided the written document, had created a genuine issue of fact as to the existence of a written, signed document creating a twenty-year lease of Home Place. Hence, for the purposes of the summary judgment motion, the district court presumed that a written lease existed.

The district court went on, however, to find that Richard did not have the authority as personal representative, or as life tenant, to enter into a long-term lease. The district court noted that Richard's authority as personal representative was limited by an order of the court in the administration of Marie Westgate's estate and that Richard lacked the authority to transfer, sell or convey real property without a further order of the probate court. The district court determined that the prohibition on conveying the property included leasing and thereby precluded Richard from entering into the alleged lease with the Kinzers.

If "convey" does not include "lease," the probate court's order did not limit Richard's authority to enter into a binding lease, and the order of summary judgment on this basis was in error. Even if the term convey does include the concept of lease, then the summary judgment may still have been an error. Assuming without deciding that convey, as used by the probate court, includes a lease, then Richard did not have the authority to enter into the lease without the probate court's approval. There is no claim in the record that the probate court approved the lease.

█ A restriction on the power of the personal representative may be ordered by the probate court, if endorsed on the letters

of administration. If the restriction is not endorsed in the letters of appointment it is ineffective as to persons dealing in good faith with the personal representative. I.C. § 15–3–504. In this case the restrictive provision "shall not transfer, sell or convey" is stated in the letters of administration.

Despite the endorsement on the letters of administration, the Kinzers claim that the limitation on conveying the property was not effective as to them. They claim that they are protected by the provisions of Idaho Code Section 15–3–714. That statute provides:

> A person who in good faith either assists a personal representative or deals with him for value is protected as if the personal representative properly exercised his power. The fact that a person knowingly deals with a personal representative does not alone require the person to inquire into the existence of a power or the propriety of its exercise. Except for restrictions on powers of supervised personal representatives which are endorsed on letters as provided in section 15–3–504 of this code, and without regard to the constructive notice provisions of section 15–1–305A of this code, no provision in any will or order of court purporting to limit the power of a personal representative is effective except as to persons with actual knowledge thereof. A person is not bound to see the proper application of estate assets paid or delivered to a personal representative. The protection here expressed extends to instances in which some procedural irregularity or jurisdictional defect occurred in proceedings leading to the issuance of letters, including a case in which the alleged decedent is found to be alive. The protection here expressed is not by substitution for that provided by comparable provisions of the laws relating to commercial transactions and laws simplifying transfers of securities by fiduciaries.

As noted by the district court, the exception clause does not apply here because the estate was not subject to supervised administration. Hence, for the purposes of our review, no provision in any will or order of court purporting to limit the power of a personal

representative is effective except as to persons with actual knowledge thereof.

The district court determined that the Kinzers were not protected by the provisions of I.C. § 15–3–714 because the Kinzers had actual notice of the restrictions on Richard's authority as personal representative. The Kinzers and Richard entered into a contract for the sale of other real property on the same day that the Kinzers allegedly leased Home Place. The district court relied upon that sale agreement, which provided:

> The parties agree that this Agreement shall be subject to the approval of the court in the case of the Estate of Mary Marie Westgate, Nez Perce County Case No. 67931, Honorable Stephen Calhoun presiding. In the event that such court does not approve of this Agreement it shall be deemed void.

A factual issue exists however as to whether the Kinzers had *actual* knowledge of the limitations on Richard's authority to lease property as personal representative. The language in the sale agreement would put the Kinzers on actual notice that the particular sale required approval by the court and also may serve to have put the Kinzers on inquiry notice regarding any other transaction with Richard as personal representative. However, it does not actually notify the Kinzers that the restriction applies to leases, assuming that it does. In fact, a reasonable inference may be drawn that the existence of the limiting phrase in the sale agreement implies that if there was also such a limitation for leases, notice would have been present in the lease itself.

The Westgates argue that the Kinzers knew of Richard's financial irresponsibility and that Ed and Marie Westgate were concerned about it. However, that does not mean that the Kinzers actually knew which limitations, and for what transactions, the probate court placed upon Richard's duties as personal representative. The Kinzers created a factual issue regarding notice of the limitations on Richard's authority and summary judgment in this regard was error. Regardless of the interpretation of the term "convey," the district court erred in finding that no issue of material fact existed regard-

ing Richard's authority to enter into a binding lease.

## B. Unjust Enrichment

The Kinzers also claim that the Westgates were unjustly enriched by the $30,000 in prepaid cash lease payments and by improvements the Kinzers made upon the property. The Westgates argue that the Kinzers only established $20,000 in payments and that the Kinzers failed to provide proof that a lease on the property from 1990–1995 was not worth the amount paid on the lease. The district court found that the Kinzers had offered no evidence specifying the nature, dates or costs of improvements and further found that no evidence of the fair rental value of the 540 acre property had been established. The district court stated:

> In the absence of such evidence, the Court is unable to determine whether the estate has been unjustly enriched. The party opposing summary judgment must make a showing sufficient to establish the existence of elements essential [to] a cause of action and not merely rest on their pleadings. The Kinzers have not met this burden.

■ The unjust enrichment doctrine allows recovery where the defendant has received a benefit from the plaintiff which it would be inequitable to retain without compensating the plaintiff for the value of the benefit. *Hausam v. Schnabl*, 126 Idaho 569, 573, 887 P.2d 1076, 1080 (Ct.App.1994). The burden is on the plaintiff to prove facts showing that the defendant received a benefit and the amount of that benefit. *Id.*, at 574, 887 P.2d at 1081. To recover for improvements made to property, the claimant must establish the increase in the fair market value of the property that is attributable to the improvements. *Hines v. Wells*, 120 Idaho 177, 179, 814 P.2d 437, 439 (Ct.App.1991).

■ The burden at trial would have been on the Kinzers to establish that the Westgates were unjustly enriched through the lease payments and the improvements. However, at the summary judgment stage, the Kinzers need only create a genuine issue of material fact. As evidence of the fair rental value, the Kinzers presented a lease that expired in 1984 which provided that the rental value of Home Place was one-third of all grain crops, one-fourth of all dry peas, one-fifth of all green peas in addition to $1,100 per year. They also placed in evidence an unsigned copy of the alleged 1990 lease which called for annual payment of crop rent plus $30,000 cash rent payable over the first four years of the lease at a rate of $15,000 in 1990 and $5,000 per year in 1991, 1992 and 1993. The Kinzers presented evidence, in affidavit form, that they had paid the cash rent in the amount of $30,000 and had paid a portion of the profits from the crops similar to those listed in the 1984 lease. The Kinzers provided documentation of $20,000 in payments. They argue that the cash rent was prepaid consideration for a full twenty-year lease term and was largely unearned when the lease was terminated by the mortgage foreclosure. As a result, the Kinzers argue, the Westgates were unjustly enriched by the portion of the cash rent that is apportionable to the remainder of the twenty-year lease term. The Kinzers also provided statements in an affidavit which indicated they had improved the value of the property, through a new garage, a new well and water distribution system, and a new roof on the main house. The evidence presented by the Kinzers was sufficient to create a genuine issue of fact regarding unjust enrichment.

■ Finally, we note that during oral argument before this Court, the Westgates' counsel argued that the theory of unjust enrichment was not asserted in the Kinzers' cross-claim against the Westgates. The Kinzers first raised the issue of unjust enrichment in their response to the Westgates' motion for summary judgment. From that stage through the briefing of this appeal, the Westgates did not object to the consideration of the unjust enrichment theory by the district court. When the cross-claim is read most favorably to the Kinzers, it can be read to include the unjust enrichment theory later advanced by the Kinzers. The district court specifically ruled on the unjust enrichment theory without objection from the Westgates. Because the applicability of the unjust enrichment theory was decided without objection from the Westgates, it was in issue by

implied consent and the pleadings should be deemed amended accordingly. *See Mikesell v. Newworld Dev. Corp.*, 122 Idaho 868, 878, 840 P.2d 1090, 1100 (Ct.App.1992).

The district court's award of summary judgment was error in regard to the unjust enrichment claim, as well as the contract claim discussed above. The Kinzers challenge the district court's order of summary judgment on other grounds. However, in view of our decision that the order must be vacated, we do not deem it necessary to comment on the remaining issues.

## III.

### CONCLUSION

The Kinzers raised genuine issues of material fact as to Richard Westgate's authority to enter into a binding lease, the breach of which may give rise to a claim for relief. The Kinzers also provided sufficient evidence in response to the summary judgment motion to create a question of fact regarding a claim for unjust enrichment. Accordingly, we vacate the district court's order granting summary judgment and remand for further proceedings. Costs, but not attorney fees, are awarded to the appellants, the Kinzers.

WALTERS, C.J., and LANSING, J., concur.